**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **JORGE HUMBERTO TOBIAS,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1184-KC** |
| | § | |
| **WARDEN, ERO EL PASO CAMP** | § | |
| **EAST MONTANA et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**<u>ORDER</u>**

On this day, the Court considered Jorge Humberto Tobias' Petition for a Writ of Habeas Corpus, ECF No. 1.

**I.     BACKGROUND**

**A.     Arrival in the United States & Immigration Proceedings**

Tobias is a citizen of El Salvador. *Id.* ¶ 1. On November 27, 2017, an immigration judge ordered that he be removed from the United States but granted withholding of removal to El Salvador. *Id.* ¶¶ 1, 18. Then, on December 18, 2017, Respondents released Tobias from custody under an Order of Supervision ("OSUP"). *Id.* ¶ 19. For the last nine years, Tobias has complied with all conditions of his release. *Id.* ¶ 21. On January 7, 2026, Tobias appeared for an ICE check-in, at which time he was detained. *Id.* ¶ 23. On February 2, 2026, Respondents removed Tobias to El Salvador. *Id.* ¶ 24. Because his removal was unlawful, Respondents brought Tobias back from El Salvador and are now detaining him again. *Id.* ¶ 26.

Tobias is detained at the ERO El Paso Camp East Montana facility. *Id.* ¶ 10. He argues that his detention is unlawful and asks the Court to order his release. *Id.* ¶¶ 27–50.

### B.    Procedural History

On April 23, 2026, Tobias filed his Petition, asking the Court to order his immediate release. *Id.* at 8. The Court ordered Respondents to show cause why the Petition should not be granted. Apr. 24, 2026, Order 2, ECF No. 4.

In answer to the Court's Show Cause Order, Respondents argue that Tobias's removal is "significant[ly] likely in the reasonably foreseeable future." Resp. 2, ECF No. 5. In terms of removal efforts, "Respondents are working to secure third country removal to Mexico since [Tobias] cannot be removed to El Salvador." *Id.* at 2. To that end, Respondents state that they are "in the process of securing acceptance from Mexico under the Cuba Venezuela Nicaragua Haiti (CVNH) program." *See id.* Ex. A ("Lopez Decl.") ¶ 5, ECF No. 5-1. And that once Mexico accepts Tobias, his "removal is anticipated to occur within the reasonably foreseeable future" but "the anticipated date of removal is currently unknown." *Id.* ¶ 9.

## II.    ANALYSIS

Tobias seeks a writ of habeas corpus for his immediate release from custody, arguing that his continued detention violates the Due Process Clause of the Fifth Amendment. Pet. ¶ 27–50.

This Court has previously held that a § 1231(a) detainee subject to re-detention after their release pursuant to an OSUP is not limited to a *Zadvydas* claim. *See Nguyen v. Bondi*, No. 3:25-cv-323-KC, 2025 WL 3120516, at *4 (W.D. Tex. Nov. 7, 2025) (citing *Trejo v. Warden of ERO El Paso E. Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at *6–7 (W.D. Tex. Oct. 24, 2025)). By virtue of the liberty interest obtained through their release, a § 1231(a) re-detainee can also bring a distinct procedural due process claim. *See id*. In *Nguyen*, this Court found a procedural due process violation where a Vietnamese national subject to a final order of removal, who had previously been deemed unremovable to Vietnam and released, was re-detained without an

individualized assessment of his flight risk and dangerousness by an Immigration Judge ("IJ"). *See id.* at *5–8. The balance of the *Mathews v. Eldridge* factors weighed in favor of Nguyen because he had a strong liberty interest, the risk of erroneous deprivation was high and easily ameliorated through a bond hearing, there was little evidence that he was a flight risk or danger to the community, and the Government failed to demonstrate that his removal was significantly likely in the reasonably foreseeable future. *See id.* Although the Government had submitted Nguyen's travel document request to Vietnam, it failed to provide an expected timeline for approval, did not attach copies of the submitted request, and the statistics it provided regarding successful removals of Vietnamese nationals did not identify whether any of these individuals, like Nguyen, were pre-1995 refugees. *See id.* at *7. Thus, after approximately three and a half months in detention, this Court ordered Respondents to either provide Nguyen with a bond hearing or release him. *See id.* at *1, 4, 8.

Here, Tobias has been detained for about four months, during which time he was erroneously transported to El Salvador and back. *See generally* Resp. All Respondents have done to lawfully remove him is identify Mexico as a potential third country. *See* Lopez Decl. ¶ 7. Respondents state they plan to remove Tobias to Mexico through the CVNH program, even though Tobias is a citizen of El Salvador, not a CVNH country. *See id.* ¶¶ 5–6. They offer no explanation for this incongruity. *See generally id.* Even assuming Mexico will accept Tobias for removal, Respondents have not submitted a travel document request or taken any other concrete steps to effectuate his removal. *See id.* ¶¶ 5–9. And they provide no expected timeline for Tobias' removal. Lopez Decl. ¶ 9. Whereas in Nguyen, Respondents at least offered statistics on removal and submitted a travel document request, here Respondents have done neither. Tobias cannot be removed to El Salvador, since an immigration judge granted him withholding

of removal.  Respondents have not submitted any request to Mexico, Mexico has yet to accept Tobias, and Respondents have no expected removal date.  In short, "Respondents have not shown that his removal is significantly likely to occur in the reasonably foreseeable future."  *See Nguyen*, 2025 WL 3120516, at *7 (citations omitted).

Thus, at this time, Respondents' interest in effectuating Tobias's removal order is weak.  *See id.* at *7–8.  And any interest in preventing flight or danger is similarly weak, as Tobias was previously released on an OSUP and there is no evidence in the record that he presents a flight risk or committed any crimes or endangered anyone since his release.  *See id.* at *6.  The Government's interest in re-detaining Tobias is thus outweighed by his strong liberty interest from at least eight years of liberty in the United States, and the fact that the high risk of erroneous deprivation could be easily ameliorated by a bond hearing.  *See id.* at *5–6.

While there is no doubt that Tobias is subject to a final order of removal and that Respondents are entitled to remove him from the United States, when they have essentially failed to take any action to effectuate that removal, they cannot continue to detain Tobias without providing him with an individualized custody determination.

## III.   CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED IN PART**.  The Court **ORDERS** that, <u>**on or before May 11, 2026**</u>, Respondents shall either: (1) provide Tobias with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Tobias's continued detention; or (2) release Tobias from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, <u>on or before May 11, 2026</u>, Respondents shall **FILE** notice informing the Court whether Tobias has been released from custody.  If Tobias has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph.  Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Tobias is released from custody, Respondents shall **RETURN** all of his personal property in their custody to him upon release.  Such property includes, but is not limited to, identification documents.

<u>**There will be no extensions of the May 11, 2026, deadlines.**</u>

**SO ORDERED**.

**SIGNED this 4th day of May, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE